IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **ANTHONY MICHAEL PRANZETTI**, <br><br> Defendant. | Case No. 3:10-cr-00354-IM-1 <br><br> **OPINION AND ORDER DENYING IN PART AND RESERVING RULING IN PART ON DEFENDANT'S MOTION FOR JURY TRIAL AND DUE PROCESS RIGHT TO CONFRONTATION ON CONTROVERTED SUPERVISED RELEASE ALLEGATION** |

Natalie K. Wight, United States Attorney, and Gary Y. Sussman, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the Government.

Anna Belesiotis, Assistant Federal Public Defender, 101 S.W. Main Street, Suite 1700, Portland, OR 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

      Before this Court is Anthony Michael Pranzetti's ("Defendant") Motion for Jury Trial and Due Process Right to Confrontation on Controverted Supervised Release Allegation ("Mot."), ECF 63. Defendant asks this Court to (1) hold a jury trial on the alleged violation of his supervised release and (2) exclude hearsay evidence that would violate his due process right to

PAGE 1 – OPINION AND ORDER

confrontation. *Id.* at 1. For the reasons discussed below, this Court DENIES Defendant's request for a jury trial and RESERVES RULING on Defendant's request to exclude evidence.

## BACKGROUND

Defendant was released from a Bureau of Prisons facility on April 14, 2023, after serving an 18-month sanction for a supervised release revocation. Petition for Arrest Warrant ("Pet."), ECF 45 at 1; Amended Petition for Arrest Warrant ("Am. Pet."), ECF 48 at 1. The following day, April 15, Defendant was arrested and charged in state court with sexual assault, disorderly conduct, and possession of marijuana. Pet., ECF 45 at 1. The Probation Office instituted violation proceedings that same day, alleging that Defendant had committed "another federal, state or local crime," which was a violation of his conditions of supervised release. *Id.* Less than a week later, on April 21, the Probation Office filed an amended petition alleging a second violation, unlawful possession of a controlled substance, and including a summary of the conduct underlying the state charges. Am. Pet., ECF 48 at 1–2. On June 30, 2023, Defendant pled guilty to disorderly conduct in Wisconsin state court. Government's Response to Defendant's Motion, Ex. A, ECF 64-1. Defendant's revocation hearing is scheduled for November 13, 2023. Scheduling Order, ECF 62.

## DISCUSSION

**A. Jury Trial**

Defendant requests a jury trial on the alleged new law violation. He argues that the Sixth Amendment to the Constitution and Article III, Section 2 of the Constitution both require this Court to conduct a jury trial before revoking Defendant's supervised release.

Defendant concedes that Ninth Circuit precedent forecloses his argument as to the Sixth Amendment. Mot., ECF 63 at 9. He preserves it for further review. *Id.* Defendant also offers a new legal theory—he claims that "the trial-right clause in Article III" "mandates a jury trial on

PAGE 2 – OPINION AND ORDER

the alleged new law violation." Mot., ECF 63 at 9. According to Defendant, "neither the Supreme Court nor the Ninth Circuit has addressed the trial-right clause in Article III" and his theory that it applies to revocation proceedings. Mot., ECF 63 at 9.

Defendant does not offer any authority, controlling or otherwise, to establish that the "trial of all crimes" referred to in Article III is interpreted differently than "all criminal prosecutions" referred to in the Sixth Amendment. Looking beyond Defendant's briefing, however, his theory not only lacks support—it directly contradicts the Supreme Court's approach to the jury-trial right. *See Callan v. Wilson*, 127 U.S. 540, 549 (1888) ("And as the guaranty of a trial by jury, in [Article III], implied a trial in that mode, and according to the settled rules of common law, the enumeration, in the [S]ixth [A]mendment, of the rights of the accused in criminal prosecutions, is to be taken as a declaration of what those rules were . . . ."); *Schick v. United States*, 195 U.S. 65, 78 (1904) (Harlan, J., dissenting) (explaining that the Sixth Amendment "set forth" "the essential features of the trial required by [Section] 2 of [A]rticle [III]" and that, "[i]n other words, the trial required by that section is the trial referred to in the [Six]th Amendment"); *District of Columbia v. Clawans*, 300 U.S. 617, 624 (1937) (quoting Article III, Section 2 and the Sixth Amendment and stating, "It is settled by the decisions of this Court, which need not now be discussed in detail, that the right of trial by jury, thus secured, does not extend to every criminal proceeding"); *Cheff v. Schnackenberg*, 384 U.S. 373, 385 n.1 (1966) (Douglas, J., dissenting) ("Although the Sixth Amendment uses somewhat different language than that of Art[icle] III, [Section] 2, there is no reason to believe that the Sixth Amendment was intended to work a change in the scope of the jury trial requirement of Article III." (citing Felix Frankfurter and Thomas G. Corcoran, *Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury*, 39 Harv. L. Rev. 917, 968–75 (1926))); *see also*

*Ramos v. Louisiana*, 140 S. Ct. 1390, 1395 (2020) (explaining that the Constitution guarantees criminal jury trials "*twice*—not only in the Sixth Amendment, but also in Article III"); *Neder v. United States*, 527 U.S. 1, 30 (1999) (Scalia, J., concurring in part and dissenting in part) ("When this Court deals with the content of th[e jury trial] guarantee—the only one to appear in both the body of the Constitution and the Bill of Rights—it is operating upon the spinal column of American democracy."); *Bloom v. Illinois*, 391 U.S. 194, 210 (1968) ("It is old law that the guarantees of jury trial found in Article III and the Sixth Amendment do not apply to petty offenses."); *Ex parte Quirin*, 317 U.S. 1, 39, *modified sub nom. U.S. ex rel. Quirin v. Cox*, 63 S. Ct. 22 (1942) ("The Fifth and Sixth Amendments, while guaranteeing the continuance of certain incidents of trial by jury which Article III, [Section] 2 had left unmentioned, did not enlarge the right to jury trial as it had been established by that Article.").

The jury trial guarantee, as provided for in the body of the Constitution and the Bill of Rights, does not extend to Defendant's supervised release revocation hearing. *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006) ("We have held unequivocally that imposition of imprisonment following the revocation of supervised release is part of the original sentence authorized by the fact of conviction," and "[t]here is no right to a jury trial for such post-conviction determinations." (citations omitted)); *United States v. Oliver*, 41 F.4th 1093, 1101–02 (9th Cir.) ("Because a sentence for a supervised release violation is generally part of the penalty for the original offense, it is not a new and additional punishment requiring *Apprendi*-style jury findings beyond a reasonable doubt."), *cert. denied*, 143 S. Ct. 503 (2022); *United States v. Henderson*, 998 F.3d 1071, 1072 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 810 (2022); *see also United States v. Richards*, 52 F.4th 879, 884 (9th Cir. 2022) (explaining that revocation under 18 U.S.C. § 3583(g) "is more like 'ordinary revocation' than 'punishment for a new

offense,'" and so the jury right does not attach); *United States v. Jensen*, 705 F.3d 976, 978 (9th Cir. 2013) ("[A] violation of supervised release results in a 'hearing,' not a 'trial' . . . ." (citations omitted)).

Further, Defendant's assertion that "[t]o trigger a supervised-release violation, this court would need to convict him of committing a crime," Mot., ECF 63 at 9, is incorrect. Defendant has already been convicted of a crime. He pled guilty in state court to disorderly conduct. This Court need not "convict him of committing a crime" to find that he violated a condition of his supervised release.

## B. Exclusion of Evidence

Defendant requests that this Court uphold his due process right to confrontation by excluding disputed hearsay evidence. Because the form the evidence may take is not clear at this stage, this Court reserves ruling on this request and will address it at the revocation hearing.

Despite this reservation, this Court acknowledges that "[i]n determining whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, [it] must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). The following principles will guide this Court's balancing at Defendant's revocation hearing.

When evaluating the weight of the releasee's confrontation right, courts examine (1) the importance of the evidence to ultimate findings; (2) the nature of the facts to be proven by the hearsay; and (3) whether the releasee had any opportunity to refute the evidence. *United States v. Perez*, 526 F.3d 543, 548 (9th Cir. 2008); *see United States v. Leeth*, 471 F. App'x 755, 757 (9th Cir. 2012) (explaining that releasee's "interest in confrontation [would be] significantly lessened by his opportunity to cross-examine the [victim] via telephone").

PAGE 5 – OPINION AND ORDER

In assessing the Government's good cause in not producing a witness, courts look to "both the difficulty and expense of procuring witnesses and the traditional indicia of reliability borne by the evidence." *United States v. Hall*, 419 F.3d 980, 988 (9th Cir. 2005) (quoting *United States v. Martin*, 984 F.2d 308, 312 (9th Cir. 1993)); *see Comito*, 177 F.3d at 1172 (explaining that "[i]n some instances, mere inconvenience or expense may be enough" to outweigh the right to confrontation). If the evidence falls within "long-standing exceptions to the hearsay rule," then that can provide an indication of reliability. *See Hall*, 419 F.3d at 987.

To the extent the Government intends to introduce hearsay evidence relating to the alleged sexual assault of a victim and unlawful possession of a controlled substance, the Government should be prepared to explain how any impact on Defendant's right to confrontation will be minimized.

## CONCLUSION

This Court DENIES in part and RESERVES RULING in part on Defendant's Motion for Jury Trial and Due Process Right to Confrontation on Controverted Supervised Release Allegation, ECF 63. Defendant's request for a jury trial is denied. This Court reserves ruling on Defendant's request for the exclusion of hearsay evidence until the November 13 revocation hearing.

**IT IS SO ORDERED.**

DATED this 10th day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge